1  CAROL C. LAM
   United States Attorney
2  BRUCE C. SMITH
   Assistant U.S. Attorney
3  California State Bar No. 078225
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-6963

6  Attorneys for Plaintiff
   United States of America



FILED

SEP 1 9 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 06cr1230-H |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **STIPULATION OF FACT AND JOINT MOTION FOR RELEASE OF MATERIAL WITNESS AND ORDER THEREON** |
| MALLORY ELIZABETH STONE(2), | ) | |
| Defendant. | ) | |

IT IS HEREBY STIPULATED AND AGREED between the plaintiff, United States of America, by and through it's counsel, Carol C. Lam, United States Attorney, and Bruce C. Smith, Assistant U.S. Attorney, and defendant MALLORY ELIZABETH STONE, by and through his counsel, Knut S. Johnson, that:

1. Defendant MALLORY ELIZABETH STONE (hereinafter referred to as "STONE" or "defendant") agrees to execute this stipulation on or before the disposition date and to participate in a full and complete inquiry by the Court into whether defendant STONE knowingly, intelligently and voluntarily entered into it. Defendant STONE agrees further to plead guilty to Count 2 of the Indictment which charges the defendant and a co-defendant with a non-mandatory minimum count of Bringing in Illegal Aliens Without Presentation and Aiding and

06cr1230-H

1 | Abetting, in violation of 8 United States Code, §1324(a)(2)(B)(iii)
2 | and Title 18, United States Code, §2.
3 |     2.   Defendant STONE agrees to plead guilty to the charge
4 | described above pursuant to the plea agreement on or before September
5 | 24, 2006.
6 |     3.   The material witness, Israel Benitez-Vega, in this case:
7 |         a.   Is a citizen of Mexico and an alien with no lawful
8 |              right to enter or remain in the United States;
9 |         b.   Entered or attempted to enter the United States
10|              illegally on May 30, 2006 as a concealed passenger
11|              aboard a 1990 Nissan pick-up truck driven by defendant
12|              NICHLAS DURAND MANUEL and in which defendant STONE was
13|              the only other visible passenger;
14|         c.   Defendants MANUEL as driver and STONE as the only
15|              visible passenger, collaborated to and did pilot the
16|              Nissan truck into the United States from Mexico via
17|              the San Ysidro, California Port of Entry. Israel
18|              Benitez-Vega was hidden in a compartment beneath and
19|              behind the seat upon which the defendants were
20|              sitting. Upon arrival at the port of entry, both
21|              defendants failed to immediately present the illegal
22|              alien to uniformed immigration officers on duty. On
23|              the contrary, the defendants tried to conceal the
24|              alien from the inspectors' view. All the while both
25|              defendants knew or acted in reckless disregard of the
26|              fact that Israel Benitez-Vega was an aliens with no
27|              lawful right to enter or reside in the United States;
28|

1        d.    Israel Benitez-Vega, his family members or friends were to pay $2,500 in United States dollars to persons for whom the defendants were working for the material witnesses to be brought into the United States illegally and/or transported illegally to their destination therein; and

       e.    Israel Benitez-Vega may be released and remanded immediately to the Department of Homeland Security for return to his country of origin.

4. After the material witness is ordered released by the Court pursuant to this stipulation and joint motion, if defendants NICHLAS DURAND MANUEL and/or MALLORY ELIZABETH STONE does not plead guilty to the charge set forth above, for any reason, or thereafter withdraws his or her guilty plea to that charge, defendants and both of them agrees that in any proceeding, including, but not limited to, motions hearings, trial, sentencing, appeal or collateral attack, that:

       a.    The stipulated facts set forth in paragraph 3 above shall be admitted as substantive evidence;

       b.    The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witness provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of an unavailable witness; and

       c.    Understanding that under <u>Crawford v. Washington</u>, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted and cross-examined the

```
 1              witness(es) who made the "testimonial" hearsay
 2              statements, defendant waives the right to confront and
 3              cross-examine the material witness(es) in this case.
 4       5.   By signing this stipulation and joint motion, defendant
 5  MALLORY ELIZABETH STONE certifies that she has read it (or that it has
 6  been read to her in his native language).  Defendant STONE certifies
 7  further that she has discussed the terms of this stipulation and joint
 8  motion with defense counsel and fully understands its meaning and
 9  effect.
10  //
11  //
12  //
13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //
```

Based on the foregoing, the parties jointly move the stipulation into evidence and for the immediate release and remand of the above-named material witness, Israel Benitez-Vega, to the Department of Homeland Security for return to his country of origin.

It is STIPULATED AND AGREED this date.

Date: 09/19/06

_____
BRUCE C. SMITH
Assistant U.S. Attorney

Date: 9/19/06

_____
KNUT S. JOHNSON
Attorney at Law
Counsel for Mallory Elizabeth Stone

Date: 9/19/06

_____
MALLORY ELIZABETH STONE
Defendant

### ORDER

Upon joint application and motion of the parties, and for good cause shown,

**THE STIPULATION** is admitted into evidence, and

**IT IS ORDERED** that the above named material witness be released and remanded forthwith to the Department of Homeland Security for return to their country of origin.

**SO ORDERED**

DATED: _____          _____
                                UNITED STATES MAGISTRATE JUDGE